Michael E. Haglund, OSB No. 772030
e-mail: mhaglund@hk-law.com
Julie A. Weis, OSB No. 974320
e-mail: weis@hk-law.com
Christopher T. Griffith, OSB No. 154664
e-mail: cgriffith@hk-law.com
Haglund Kelley LLP
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Proposed Defendant-Intervenor
Murphy Company

THE HONORABLE MARK D. CLARKE

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH SISKIYOU WILDLANDS CENTER, CASCADIA WILDLANDS, and OREGON WILD,** | Case No. 1:24-cv-01930-CL |
| **Plaintiffs,** | **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION** |
| **v.** | |
| **UNITED STATES BUREAU OF LAND MANAGEMENT,** | |
| **Defendant,** | |
| **and** | |
| **MURPHY COMPANY,** | |
| **Proposed Defendant-Intervenor.** | |

### LR 7-1(a) Certification

Pursuant to Local Rule 7-1(a)(1)(A), counsel for proposed defendant-intervenor Murphy Company conferred in good faith with counsel for plaintiffs and the federal defendant regarding the basis for this motion.   Neither take a position on Murphy Company's motion.

Page 1 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

## <u>MOTION</u>

Pursuant to Rule 24 of the Federal Rules of Civil Procedure (FRCP), Murphy Company moves to intervene on the side of federal defendant in plaintiffs' latest lawsuit seeking to halt timber production from lands designated for that very purpose on the BLM's Medford District in southern Oregon.   More particularly, Murphy Company seeks to intervene in plaintiffs' lawsuit challenging BLM's Last Chance Forest Management Project (the Project) and its Paul's Payoff Timber Sale (the Timber Sale), which Murphy Company purchased in September 2024.

BLM authorized the Project and its implementing timber sale pursuant to a Finding of No Significant Impact and a Decision Record dated September 10, 2024, as supported by a thorough Environmental Assessment (EA) that issued a month prior.   Following the filing of the present lawsuit, BLM withdrew the sale, completed additional in-depth analysis of the environmental issues associated with the Project, and then issued an updated EA and decision in May of 2025 reauthorizing the Project and associated timber sales.

Implementing the Paul's Payoff Timber Sale is important to Murphy Company because it will supply Murphy Company's southern Oregon facilities with the raw materials needed to sustain operations and supply wood products to the public.   Murphy Company intends to commence road rehabilitation and roadside vegetation management on the Paul's Payoff sale in 2025 in order to be prepared to begin harvesting in 2026.   Root Decl. ¶ 5.

Plaintiffs' lawsuit continues their concerted effort to halt timber harvest on O&C Act acreage in southern Oregon,[1] despite Congress having mandated that O&C Act timberlands be managed for the dominant use of permanent forest production under the principles of sustained-

---

[1]   The O&C Sustained Yield Act is the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937, 43 U.S.C. § 2601 et seq.

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

yield timber management. *See, e.g.*, *Pacific Rivers v. BLM*, Case No. 6:16-cv-01598-JR, 2018 WL 6735090, at *17 (D. Or. Oct. 12, 2018) ("[C]ourts have repeatedly held the O&C Act is a 'primary' or 'dominant' use statute for sustained-yield timber production."), *adopted in full*, 2019 WL 1232835 (D. Or. Mar. 15, 2019), *aff'd*, No. 19-35384, 2020 WL 2510759 (9th Cir. May 15, 2020).

The Court should grant intervention of right under FRCP 24(a) because Murphy Company satisfies all four factors for intervention.  <u>First</u>, this motion is timely because it is being filed at an early stage of the case.  <u>Second</u>, Murphy Company has a significant interest in defending the Project because it purchased the Timber Sale authorized under the Project.  <u>Third</u>, plaintiffs' lawsuit threatens Murphy Company's interests because, absent participation in the case, proposed intervenor would have no opportunity to defend against plaintiffs' efforts to impede Murphy Company's contract rights and its access to BLM timber needed to supply its Oregon wood products manufacturing facilities.  <u>Fourth</u>, the existing parties do not adequately represent the interests of Murphy Company because they do not share Murphy Company's private interests in this case.

On similar facts, the Court has allowed Murphy Company to intervene in other lawsuits challenging BLM Medford District timber sale/vegetation management projects, including those brought by the same plaintiffs.  *See, e.g.*, *Klamath-Siskiyou Wildlands Ctr. v. BLM*, Case No. 1:21-cv-01647-CL (D. Or. Jan. 24, 2022) (Lost Antelope); *Klamath Siskiyou Wildland Ctr. v. BLM*, Case No. 1:19-cv-2069 (D. Or. Mar. 4, 2020) (Griffin Half Moon); *Klamath Siskiyou Wildland Ctr. v. BLM*, Case No. 1:19-cv-01810-CL, 2019 WL 6749411 (D. Or. Dec. 11, 2019) (North).  The Court reached the right decision in those cases and likewise should grant intervention here, either as of right under FRCP 24(a), or permissively under FRCP 24(b)

Page 3 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

because Murphy Company's timely defenses share common questions of law and fact with the main action, which is all that is required for permissive intervention.

This motion is supported by the following memorandum, the declaration of John Murphy (Murphy Decl.), the declaration of Nate Root (Root Decl.), and a proposed answer.

## MEMORANDUM

## I.    INTRODUCTION AND FACTUAL BACKGROUND.

The Federal Rules of Civil Procedure allow an entity to intervene in pending litigation to protect its interests either as of right under FRCP 24(a) or permissively under FRCP 24(b).[2] Murphy Company moves to intervene in this action on the side of BLM.   Murphy Company does so because it seeks to defend against plaintiffs' challenge to the Project and its Timber Sale, which Murphy Company purchased in 2024.

Plaintiffs seek to shut down commercial timber production on the BLM Medford District's timberlands even though the lands are Harvest Land Base and O&C Act timberlands designated under the governing Southwestern Oregon Resource Management Plan (RMP) to be the source of continual timber production going forward.   In doing so, plaintiffs seek to further hinder the ability of companies like Murphy Company to harvest BLM timber on lands designated for that very purpose.

///

---

[2]   In 2011, the Ninth Circuit abandoned its prior court-engrafted constraints on intervention and acknowledged that a motion for intervention should be evaluated based solely on the Rule 24 intervention factors discussed below.   *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (en banc).

Recent federal actions already have constrained commercial timber harvest access on timberlands managed by BLM.   In 2016, BLM adopted the RMP, which dramatically shrunk the available land base for timber harvest.   The availability of BLM timberlands for commercial timber harvest was further diminished through the 2017 expansion of the Cascade-Siskiyou National Monument.

As a result of these and other actions, "Murphy Company, along with other wood products companies, is facing a fiber supply crisis."   Murphy Decl. ¶ 2.   Because of the fiber supply crisis, Murphy Company has had to harvest its private timberlands at an accelerated rate, which "disrupts the balance of harvest and growth over time with potentially negative consequences."   *Id.* ¶ 5.   Murphy Company thus purchased Paul's Payoff to help supply its southern Oregon facilities with the raw materials needed to sustain operations . . . ."   *Id.* ¶ 2.

The Project and its Timber Sale are located "almost entirely on O&C lands managed by BLM . . . for permanent forest production in accordance with the principle of sustained yield." *Id.* ¶ 3.   Project implementation is needed "to treat overly dense stands of trees that are at high risk of stand replacing wildfire, particularly within close proximity to cities like Grants Pass, Rogue River, Glendale and Merlin."   *Id.*   *See also id.* ¶ 6 (testifying that over the last decade or so, "the frequency of catastrophic wildfire in the area has dramatically increased").   Murphy Company's operation of the Timber Sale will help implement the Project through the commercial harvest of about 575 acres (out of 32,272 acres of BLM-administered lands included in the Project area, almost all of which are O&C lands).   *Id.*

Again, Murphy Company desires to defend against plaintiffs' effort to halt timber production on southern Oregon BLM timberlands designated for the very purpose of commercial timber production.   Murphy Company's motion to participate as of right under FRCP 24(a) or,

alternatively, as a permissive intervenor under FRCP 24(b), is warranted and should be granted in the interest of justice.

## II.    <u>LEGAL STANDARDS</u>.

The legal requirements for intervention under FRCP 24 are set forth below.    In evaluating these requirements in the context of the pending motion, the Court should accept as true all nonconclusory allegations submitted in support of the motion to intervene.    *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene . . . as true absent sham, frivolity or other objections.").    *See also Wilderness Soc'y*, 630 F.3d at 1176 (acknowledging that a motion for intervention should be evaluated solely on the requirements found in the text of Rule 24).    Murphy Company satisfies the requirements for intervention.

### A.    <u>Intervention as of Right</u>.

The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of right pursuant to FRCP 24(a):

> (1) the application for intervention must be timely;
>
> (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action;
>
> (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and
>
> (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Berg*, 268 F.3d at 817.    The test is applied "liberally in favor of potential intervenors," and the Court's analysis "is guided primarily by practical considerations, not technical distinctions."    *Id.* at 818 (internal quotation marks omitted).    *See also Citizens for Balanced Use v. Montana*

*Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (emphasizing that "the requirements [for intervention] are broadly interpreted in favor of intervention").

### B. Permissive Intervention.

A district court also has broad discretion to grant permissive intervention pursuant to FRCP 24(b). *See generally Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-09, 1110-11 (9th Cir. 2002), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (abrogated by the en banc panel to the extent it relied on the now-abandoned federal defendant rule). As explained by *Kootenai Tribe*, if a motion for intervention is timely, a court may allow intervention under FRCP 24(b) "'when an applicant's claim or defense and the main action have a question of law or fact in common.'" *Id.* at 1111 (quoting the Rule). Thus, unlike intervention as of right, permissive intervention has no protectable interest or adequacy of representation requirements and "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id.* at 1108 (internal quotation marks omitted).

## III. ARGUMENT.

### A. Murphy Company Should Be Allowed to Intervene as of Right.

Murphy Company satisfies the criteria for intervention as of right under FRCP 24(a).

#### 1. The motion is timely.

To determine whether a motion to intervene is timely, district courts in the Ninth Circuit typically weigh three factors: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). The key consideration is whether intervention will prejudice the existing parties. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016).

Murphy Company's motion is timely.   Plaintiffs' lawsuit was filed on November 19, 2024, but the case has been stayed for months while BLM completed additional, in-depth environmental analysis, and plaintiffs intend to file an amended complaint in the coming weeks. So, while the case has been on file for some time, it is actually in the very early stages.   Because the intervention of Murphy Company at this early stage of the case will not prejudice the parties, timeliness is established.

<strong>2.  <u>Murphy Company has a protectable interest at stake that relates to the subject matter of this lawsuit.</u></strong>

Under Ninth Circuit law, it generally is "enough that the [proposed intervenor's] interest is protectable under *some law*, and that there is a relationship between the legally protected interest and the claims at issue."   *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993) (emphasis added), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173.   The en banc *Wilderness Soc'y* decision also confirmed that an asserted interest need only relate to the "'property or transaction that is the subject of the action[,]'" such that the focus is on the property or transaction at issue, not on plaintiffs' legal claims.   630 F.3d at 1178 (quoting FRCP 24(a)).

Murphy Company has a significant interest at stake in this litigation.   If plaintiffs were to prevail in their continuing effort to cut off the timber supply from the BLM Medford District, Murphy Company would lose the ability to harvest the timber in its Paul's Payoff Timber Sale. Murphy Company has a protectable interest at stake because it purchased the Timber Sale "to supply its southern Oregon facilities with the raw materials needed to sustain operations and supply wood products to the public."   Murphy Decl. ¶ 2.   If plaintiffs were to succeed, the lost timber supply would threaten Murphy Company's operations, the livelihoods of its hundreds of

employees, and Murphy Company's ability to supply its customers with needed wood products.

Murphy Company is a family-owned wood products company founded more than a century ago.  *Id.* ¶ 1.  Over the years, the company has evolved from a timber merchandizer to a manufacturer of softwood plywood, engineered wood, hardwood plywood, and, ultimately, a veneer specialist.  *See* https://murphyplywood.com/about/murphys-story.  Murphy Company currently operates three wood products facilities in southern Oregon that collectively employ more than 500 people.  Murphy Decl. ¶ 2.  The company is run by third and fourth generation Murphy family members who hope to continue meeting the ever-evolving needs of their customers for many years to come.  But doing so requires a reliable timber supply from well-managed federal timberlands.  Murphy Company's ability to implement the Paul's Payoff Timber Sale will help on both fronts.

These facts, particularly when viewed through the practical lens of the protectable interest inquiry, show that Murphy Company has demonstrated a protectable interest related to the "property or transaction that is the subject of the action" for purposes of intervention under FRCP 24(a).

### 3.    <u>Murphy Company's interests will be impaired if not represented</u>.

As explained in *Berg*, "'[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"  268 F.3d at 822 (alteration in original) (quoting FRCP 24 advisory committee's notes).  The intervention rule itself shows that the benefit of the doubt goes to proposed intervenors, explaining that an applicant must be "so situated that disposing of the action *may* as a practical matter impair or impede the movant's ability to protect its interest . . . ."  FRCP 24(a) (emphasis added).

Page 9 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

Murphy Company has demonstrated a concrete interest in defending and implementing the Paul's Payoff Timber Sale, an interest threatened by plaintiffs' lawsuit.   Whereas plaintiffs desire to thwart responsible management of O&C Act acres in the Project area, Murphy Company as the purchaser of the Timber Sale desires to harvest the timber from BLM lands designated for commercial timber production.   Murphy Decl. ¶ 8.   Murphy Company desires to do so not only to supply its mills, but also to improve forest health in the Project area.   *Id.* Plaintiffs' prayer for relief, which threatens to reduce Murphy Company's supply of raw materials from the Project area, plainly affects Murphy Company's interests detrimentally.

### 4. <u>The existing parties do not represent Murphy Company's interests</u>.

The showing required to demonstrate inadequate representation "is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated in part on other grounds by Wilderness Soc'y*, 630 F.3d 1173 (2011).   The U.S. Supreme Court long ago held likewise.   *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (stating that the inadequacy of representation factor requires only a "minimal" showing that the existing parties' representation "may" inadequately represent the movant's interests).

A proposed intervenor is adequately represented only if "(1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect." *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).   The focus for evaluating this element is on "the subject of the action, not just the particular issues before the court." *Berg*, 268 F.3d at 823 (internal quotation marks omitted).

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

Murphy Company's private interests in the subject of this action are not adequately represented in this case.   The plaintiffs do not share Murphy Company's interests in the implementation of the Paul's Payoff Timber Sale; their lawsuit seeks to halt any and all implementation of the Project and its Timber Sale.

Nor is Murphy Company adequately represented by BLM.   Although proposed intervenor presumably shares an interest with federal defendant in defeating plaintiffs' claims, Murphy Company's interests are not identical to those of BLM.   Rather BLM, like any federal agency, is responsible for a broad range of public interests not shared by Murphy Company, a family-owned company with private interests at stake.   *Accord Klamath Siskiyou Wildland Ctr.,* 2019 WL 6749411, at *3 (acknowledging the non-overlapping interests of BLM and Murphy Company when granting intervention in plaintiffs' North Project lawsuit); *Klamath Siskiyou Wildland Ctr.,* 2020 WL 1052518, at *3 (same in the context of plaintiffs' Griffin Half Moon lawsuit).

Proposed intervenor operates three wood products plants in southern Oregon (veneer, plywood and laminated veneer lumber plants) where it employs a total of about 500 people. Murphy Decl. ¶ 2.   To keep its employees working, its facilities operating, and its customers supplied with products, Murphy Company relies heavily on the purchase of public timber.   *Id.* ¶ 4.   Murphy Company's private interests in this case include its contractual interest in harvesting and processing the raw material from the Paul's Payoff Timber Sale, and its more general interest in defending BLM's ability to manage the O&C timberlands for sustained-yield timber production from the Medford District.   *Id.* ¶¶ 8-9.

///

///

**Page 11 - MOTION TO INTERVENE AND
MEMORANDUM IN SUPPORT OF INTERVENTION**

As recognized in *Berg*, a federal agency "cannot be expected" to protect private interests like those asserted by Murphy Company.    268 F.3d at 823.    "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public."    *Forest Conservation Council*, 66 F.3d at 1499 (citation and internal quotation marks omitted).    Inadequate representation exists here where the broader interests of BLM do not align with Murphy Company's private interests in the subject of this action.

Even if we assume BLM will defend the Project zealously, that does not mean BLM can, or will, adequately represent Murphy Company's narrower private interests.    The Ninth Circuit recognized this principle in *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983), a case in which environmental groups sought to intervene to support procedures establishing the Snake River Birds of Prey Conservation Area:

> We also agree that thus far in this litigation, the government, through the United States Attorney, has continued professionally and diligently to defend the actions of Secretary Andrus; there is no indication in this record of collusion or of any other conduct detrimental to the applicant's interest.    Nevertheless, such a showing is not required.    This court has consistently followed *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 . . . (1972) in holding that the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests "may be" inadequate and that the burden of making this showing is minimal.

*Sagebrush*, 713 F.2d at 528.

Further, *Berg* observed that intervenors were not adequately represented by existing defendants where the intervenors "would likely offer important elements to the proceedings that the existing parties would likely neglect."    268 F.3d at 823 (explaining that "[t]he priorities of the defending government agencies are not simply to confirm the Applicants' interests . . . . On some issues, Applicants will have to express their own unique private perspectives")*.*    Similarly, allowing Murphy Company to intervene will allow the company to share its perspective as a

Page 12 - **MOTION TO INTERVENE AND**
**MEMORANDUM IN SUPPORT OF INTERVENTION**

purchaser of BLM timber on the negative implications of plaintiffs' requested relief, and on the importance of the correct interpretation of the federal statutes at issue, the National Environmental Policy Act and the Federal Land Policy and Management Act.   The negative implications of plaintiffs' lawsuit are very real to Murphy Company – plaintiffs' repeated challenges to BLM timber sales directly threatens Murphy Company's ability to access the natural resources it needs to continue its operations.

For all of these reasons, Murphy Company has met the minimal showing required to demonstrate that the existing parties do not adequately represent its interests.   Murphy Company thus has satisfied the final element for intervention under FRCP 24(a).

## B.    Alternatively, the Court Could Allow Permissive Intervention.

The Court also could exercise its discretion by allowing permissive intervention under FRCP 24(b), which again has no protectable interest or adequacy of representation requirements. District courts have broad discretion to grant a timely motion for permissive intervention so long as the movant "assert[s] a claim or defense in common with the main action."   *Kootenai Tribe*, 313 F.3d at 1110.   Timeliness was established above.   And as was the case in *Kootenai Tribe*, Murphy Company asserts a "defense in common with the main action."   *Id.*

In *Kootenai Tribe*, a case involving a NEPA challenge to the 2001 Roadless Area Conservation Rule, the Ninth Circuit discussed a district court's broad discretion to grant permissive intervention.   Specifically, the court stated that "a 'significant protectable interest' is not required by Rule 24(b) for intervention, all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'"   *Id.* at 1108 (quoting FRCP 24).   The court then allowed non-governmental entities to intervene under FRCP 24(b) where they asserted "defenses of the Roadless Rule," *id.* at 1110,

Page 13 - **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**

and an interest in the use and management of the public lands at issue.   *Id.* at 1110-11.

Murphy Company similarly has an interest in defending the Project and its Paul's Payoff Timber Sale, and in the use and management of the public lands at issue.   In fact, compared with the intervenors in *Kootenai Tribe*, Murphy Company has an even more direct interest in the current case given that Murphy Company seeks to defend a contractual interest as the purchaser of the timber on the public lands at issue.   See Murphy Decl. ¶¶ 1, 3, 6, 8 (discussing the Paul's Payoff Timber Sale).   Proposed intervenor thus satisfies the FRCP 24(b) requirements, clearing the way for the Court to exercise its discretion in favor of intervention so that Murphy Company can "'contribute to the equitable resolution of this case.'"   *Kootenai Tribe*, 313 F.3d at 1111 (quoting trial court).

## IV.   <u>CONCLUSION</u>.

The Last Chance Forest Management Project challenged by plaintiffs authorizes timber harvest via the Paul's Payoff Timber Sale from O&C Act timberlands in BLM's Medford District.   Murphy Company purchased the sale in 2024 and desires to begin roadwork in 2025 and harvest in 2026 to supply its Oregon wood products facilities with needed timber supply. The O&C timberlands are designated for commercial timber production, and the Project is designed to contribute to the Medford District's timber harvest requirements.   Murphy Company thus desires to participate in this lawsuit to defend against plaintiffs' ongoing agenda to shut down the supply of timber from BLM lands in southern Oregon and to place O&C Act acres off limits to timber harvest.

Murphy Company satisfies the four-part test for intervention of right under FRCP 24(a) and also satisfies the requirements for permissive intervention under FRCP 24(b).   Murphy Company thus asks that it be allowed to participate in this case as a defendant-intervenor to

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

contribute to the full development of the issues before the Court, and to represent its private interests in the Last Chance Forest Management Project and its Paul's Payoff Timber Sale.

DATED this 30th day of May, 2025.

**HAGLUND KELLEY LLP**

By:    /s/ Julie A. Weis
     Michael E. Haglund, OSB No. 772030
     Julie A. Weis, OSB No. 974320
     Christopher T. Griffith, OSB No. 154664
     Attorneys for Proposed Defendant-Intervenor

## CERTIFICATE OF COMPLIANCE

This brief (including the motion) complies with the applicable page and word-count

limitation under LR 7-2(b) because it does not exceed 18 pages and contains 3,918 words

excluding the parts of the brief exempted by LR 7-2(b)(1).

/s/ Julie A. Weis
Julie A. Weis

**CERTIFICATE OF COMPLIANCE**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2025, I served the foregoing **MOTION TO INTERVENE AND MEMORANDUM IN SUPPORT OF INTERVENTION**, with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.


/s/ Julie A. Weis
Julie A. Weis