Michael E. Haglund, OSB No. 772030
e-mail: mhaglund@hk-law.com
Julie A. Weis, OSB No. 974320
e-mail: weis@hk-law.com
Christopher T. Griffith, OSB No. 154664
e-mail: cgriffith@hk-law.com
Haglund Kelley LLP
2177 SW Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

THE HONORABLE MARK D. CLARKE

Attorneys for Defendant-Intervenor
Murphy Company

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH SISKIYOU WILDLANDS CENTER, CASCADIA WILDLANDS, and OREGON WILD,** )<br>)<br>)<br>) | Case No. 1:24-cv-01930-CL |
| **Plaintiffs,** )<br>) | **ANSWER OF DEFENDANT-INTERVENOR MURPHY** |
| **v.** )<br>)<br>) | **COMPANY TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **UNITED STATES BUREAU OF LAND MANAGEMENT,** )<br>)<br>) | |
| **Defendant,** )<br>) | |
| **and** )<br>) | |
| **MURPHY COMPANY,** )<br>) | |
| **Defendant-Intervenor.** )<br>)<br>) | |

Defendant-Intervenor Murphy Company (Defendant-Intervenor) answers Plaintiffs'

Complaint as alleged below.   The numbered paragraphs correspond to the numbered paragraphs

in Plaintiffs' Complaint.

///

Page 1 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

## NATURE OF ACTION

1.      The allegations constitute Plaintiffs' characterization of the case, to which no response is required.

2.      Defendant-Intervenor admits.

3.      The allegations summarize the relief sought in the Complaint, which speaks for itself and is the best evidence of its contents.

4.      Defendant-Intervenor denies.

5.      The allegations constitute legal conclusions to which no response is required.

## JURISDICTION AND VENUE

6.      The allegations constitute legal conclusions and Plaintiffs' characterization of its intent, to which no response is required.

7.      Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegations also constitute legal conclusions to which no response is required.

8.      Defendant-Intervenor admits.

9.      Defendant-Intervenor admits.

## PARTIES

**Plaintiffs**

10.      Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

11.      Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

12.      Defendant-Intervenor lacks the knowledge and information sufficient to form a

Page 2 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

belief as to the truth of the allegations and on that basis denies.

13.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegations also constitute legal conclusions to which no response is required.

14.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

15.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

16.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

**Defendant**

17.    Defendant-Intervenor admits.

## LEGAL BACKGROUND

**Administrative Procedure Act (APA)**

18.    The allegations constitute legal conclusions to which no response is required.

19.    The allegations constitute legal conclusions to which no response is required.

**Federal Land Policy and Management Act (FLPMA)**

20.    The allegations constitute legal conclusions to which no response is required.

21.    The allegations constitute legal conclusions to which no response is required.

22.    The allegations refer to the governing Bureau of Land Management (BLM) Resource Management Plan (RMP), which speaks for itself and is the best evidence of its contents.

23.    The allegations constitute Plaintiffs' characterization of the governing RMP,

which speaks for itself and is the best evidence of its contents.

**National Environmental Policy Act (NEPA)**

24.     The allegations constitute legal conclusions to which no response is required. The allegations also constitute Plaintiffs' characterization of NEPA, which speaks for itself and is the best evidence of its contents.

25.     The allegations constitute legal conclusions to which no response is required. The allegations also constitute Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

26.     The allegations constitute Plaintiffs' characterization of the Council on Environmental Quality's NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

27.     The allegations constitute Plaintiffs' characterization of NEPA and a NEPA implementing regulation, which speak for themselves and are the best evidence of their contents.

28.     The allegations constitute legal conclusions to which no response is required. The allegations constitute Plaintiffs' characterization of a NEPA implementing regulation, which speaks for itself and is the best evidence of its contents.

29.     The allegations constitute legal conclusions to which no response is required. The allegations constitute Plaintiffs' characterization of a NEPA implementing regulation, which speaks for itself and is the best evidence of its contents.

30.     The allegations constitute legal conclusions to which no response is required. The allegations constitute Plaintiffs' characterization of NEPA and a NEPA implementing regulation, which speak for themselves and are the best evidence of their contents.

31.     The allegations constitute legal conclusions to which no response is required.

The allegations constitute Plaintiffs' characterization of requirements under NEPA, which speaks for itself and is the best evidence of its contents.

32.    The allegations constitute legal conclusions to which no response is required. The allegations constitute Plaintiffs' characterization of requirements under a NEPA implementing regulation, which speaks for itself and is the best evidence of its contents.

**Federal Law and Policy on Older Forests and Carbon**

33.    The allegations characterize and quote from BLM's Conservation and Landscape Health Rule, which speaks for itself and is the best evidence of its contents.

## FACTUAL AND ADMINISTRATIVE BACKGROUND

**The 2016 RMP**

34.    The allegations constitute Plaintiffs' characterization of the 2016 Southwestern Oregon RMP (2016 RMP), which speaks for itself and is the best evidence of its contents.

35.    The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.

36.    The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.

37.    The allegations constitute legal conclusions to which no response is required. The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.

38.    The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.

**The Last Chance Project**

39.    Defendant-Intervenor admits.

Page 5 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

40.     The allegations constitute Plaintiffs' characterization of the first draft of the Project environmental assessment (EA), which speaks for itself, is the best evidence of its contents and requires no response.

41.     The allegations constitute Plaintiffs' characterization of their own comments on the draft EA, which speak for themselves and are the best evidence of their contents. Defendant-Intervenor also lacks the knowledge and information sufficient to form abelief as to the truth of the allegations in this paragraph and on that basis denies.

42.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding when the second draft EA and draft finding of no significant impact (FONSI) posted publicly and on that basis denies.   Defendant-Intervenor notes that the BLM's eplanning website indicates that the second draft EA was released on August 15, 2024, not August 8, 2024.

43.     Defendant-Intervenor admits that BLM issued its Final EA and FONSI on September 10, 2024.

44.     The allegations constitute Plaintiffs' characterization of the EA's alternatives, including Alternative 2, but the EA speaks for itself, is the best evidence of its contents, and requires no response.

45.     Defendant-Intervenor admits that the BLM issued its first Decision Record for the Paul's Payoff timber sale on September 10, 2024.   To the extent the allegations constitute Plaintiffs' characterization of the Decision Record and/or the Final EA and FONSI, those documents speak for themselves, are the best evidence of their contents, and require no response.

46.     The allegations in this paragraph characterize the first Decision Record, which speaks for itself, is the best evidence of its contents and requires no response.

Page 6 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

47.     The allegations characterize the auction documents, which speak for themselves and are the best evidence of their content.

48.     Defendant-Intervenor admits.

49.     The allegations characterize Plaintiffs' own notice of appeal and request for stay to the Interior Board of Land Appeals, which speak for themselves and are the best evidence of their contents.   Defendant-Intervenor also lacks the knowledge and information sufficient to form abelief as to the truth of the allegations in this paragraph and on that basis denies.

50.     The allegations characterize Plaintiffs' Complaint, which speaks for itself and is the best evidence of its contents.

51.     The allegations characterize a notification to the Court, which speaks for itself and is the best evidence of its contents.

52.     Defendant-Intervenor admits.

53.     Defendant-Intervenor admits that the Court stayed the case.

54.     Defendant-Intervenor admits that BLM issued a draft Revised Environmental Assessment.

55.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegation regarding timeliness is also a legal conclusion that requires no response.

56.     The allegations characterize the Revised Environmental Assessment, revised FONSI, and Decision Records, which speak for themselves and are the best evidence of their contents.

57.     The allegations constitute legal conclusions to which no response is required.

**Mature and Old-Growth Stands**

58.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the vague and undefined allegations in this paragraph and on that basis denies.

59.     The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself, is the best evidence of its contents, and requires no response.

60.     The allegations constitute Plaintiffs' characterization of the Last Chance EA, which speaks for itself, is the best evidence of its contents, and requires no response.

61.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.

**Noxious and Invasive Weeds**

62.     The allegations constitute Plaintiffs' characterization and quotation of the 2016 RMP, which speaks for itself, is the best evidence of its contents, and requires no response.

63.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

64.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

65.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   Although Plaintiffs provide no source for the information cited, to the extent the allegations characterize the Project EA and associated documents, those documents speak for themselves and are the best evidence of their contents.

66.     Defendant-Intervenor lacks the knowledge and information sufficient to form a

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

belief as to the truth of the allegations and on that basis denies the allegations.

67.    Defendant-Intervenor admits that the Project EA recognizes "potential entry" into 14 existing rock quarries, but Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegation that all 14 quarries will be used and on that basis denies the allegations.

68.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations.

69.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies the allegations. The allegations also refer to an unidentified BLM concession, which if it exists, speaks for itself, is the best evidence of its contents, and requires no response.

70.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

71.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

72.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegations contain no citation.   The allegations appear to characterize Plaintiffs' own opinions, which are irrelevant and require no response.

73.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegations contain no citation.   The allegations appear to characterize Plaintiffs' own opinions, which are irrelevant and require no response.

74.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

75.    Defendant-Intervenor denies.   The allegations also constitute a legal conclusion that require no response.

76.    The allegations characterize the Last Chance REA, which speaks for itself and is the best evidence of its contents.   To the extent the allegations constitute a legal conclusion, Defendant-Intervenor denies.

## ESA-Listed Fish Species

77.    Defendant-Intervenor admits the second sentence but lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis denies the allegations.

78.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

79.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   The allegations also characterize the Magnuson-Stevens Fishery Conservation and Management Act of 1996, which speaks for itself, is the best evidence of its comments and requires no response.

80.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   The allegations in this paragraph also constitute Plaintiffs' characterization of the case, to which noresponse is required.

81.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   The allegations

Page 10 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

in this paragraph also constitute Plaintiffs' characterization of the case, to which noresponse is required.

82.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   The allegations in this paragraph also constitute Plaintiffs' characterization of the case, to which noresponse is required.

83.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.\

**Northern Spotted Owls**

84.    Defendant-Intervenor admits the first sentence but lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph and on that basis denies the allegations.

85.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies.   The allegations in this paragraph also characterize the body of science regarding the northern spotted owl, which speaks for itself, is the best evidence of its contents and requires no response.

86.    The allegations constitute Plaintiffs' characterization of the listing decision in 55 Fed. Reg. 26,114 (June 26, 1990) (codified at 50 C.F.R. § 17.11(h)), which speaks for itself and requires no response.

87.    The allegations constitute Plaintiffs' characterization of the designation of critical habitat in 73 Fed. Reg. 47,325 (Aug. 13, 2008) and 77 Fed. Reg. 71,876 (December 4, 2012), which speak for themselves and require no response.

///

88.     The allegations constitute Plaintiffs' quotation and characterization of the 2012 critical habitat rule in 77 Fed. Reg. 71,905, which speaks for itself and requires no response.

89.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' characterization of northern spotted owl nesting and roosting habitat and on that basis denies the allegations.

90.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' characterization of northern spotted owl habitat and on that basis denies the allegations.

91.     Defendant-Intervenor admits.

92.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding NSO activity centers in the Last Chance Project Area and on that basis denies.

93.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding NSO activity centers in the Last Chance Project Area and on that basis denies.

94.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding the removal or downgrading of NRF habitat and on that basis denies.

95.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis denies.

96.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding the removal or downgrading of NRF habitat and on that basis denies.

97.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of Plaintiffs' allegations and on that basis denies.

**Bureau Sensitive Species**

98.    The allegations constitute Plaintiffs' characterization and quotation of the 2016 RMP, which speaks for itself and is the best evidence of its contents.

99.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.

100.    Defendant-Intervenor admits that the Fish and Wildlife Service published a proposal to list the northwestern pond turtle on October 3, 2023.   That document speaks for itself and is the best evidence of its contents.

101.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

102.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

103.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

104.    Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

///

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

105.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

106.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding the behavior of the western pond turtle and on that basis denies the allegations.

107.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations regarding overwintering habitat and on that basis denies the allegations.

108.     The allegations characterize the REA, which speaks for itself and is the best evidence of its contents.

109.     Defendant-Intervenor lacks the knowledge and information sufficient to form a belief as to the truth of the allegations and on that basis denies the allegations.   Plaintiffs' allegations also constitute a characterization of an unidentified document issued by the U.S. Fish and Wildlife Service, which speaks for itself and is the best evidence of its contents.

110.     The allegations constitute Plaintiffs' characterization of an appendix to the Last Chance REA, which speaks for itself, is the best evidence of its contents and requires no response.   To the extent the allegations constitute legal conclusions, they also require no response.

**Wildfire Hazard and Risk**

111.     Defendant-Intervenor denies.   The allegations in this paragraph also constitute Plaintiffs' characterization of the Last Chance Project, the NEPA documents for which speak for themselves and are the best evidence of their contents.

Page 14 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

112.    Defendant-Intervenor denies.   The allegations in this paragraph also constitute Plaintiffs' characterization of the Last Chance Project, the NEPA documents for which speak for themselves and are the best evidence of their contents.

113.    Defendant-Intervenor denies that the Last Chance Project will increase fire risk in the area.   The allegations constitute Plaintiffs' arguments and opinions and are irrelevant.

114.    Defendant-Intervenor denies that the Last Chance Project will increase fire risk in the area.   Defendant-Intervenor lacks information and knowledge sufficient to fully form a belief as to the truth of Plaintiffs' allegations regarding increase in windspeed and on that basis denies. The allegations in this paragraph also constitute Plaintiffs' characterization of the Last Chance Project NEPA documents for which speak for themselves and are the best evidence of their contents.

115.    Defendant-Intervenor denies.   The allegations in this paragraph also constitute Plaintiffs' characterization of the Last Chance Project, the NEPA documents for which speak for themselves and are the best evidence of their contents.

116.    Defendant-Intervenor denies.   The allegations in this paragraph also constitute Plaintiffs' characterization of the Last Chance Project, the NEPA documents for which speak for themselves and are the best evidence of their contents.

117.    Defendant-Intervenor denies.   The allegations also constitute Plaintiffs' own opinion and argument, which are irrelevant and require no response.

118.    The allegations characterize the Last Chance REA, which speaks for itself and is the best evidence of its contents.

///

///

Page 15 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

## FIRST CLAIM FOR RELIEF
### (FLPMA and APA Compliance)

**Count 1: Failure to demonstrate and ensure consistency with the RMP directive regarding reducing fire risk in the HLB.**

119.    Defendant-Intervenor realleges and incorporates all preceding paragraphs by reference.

120.    The allegations also constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.   To the extent a response is required, Defendant-Intervenor denies.

121.    Defendant-Intervenor denies.

122.    Defendant-Intervenor denies.

123.    Defendant-Intervenor denies.

**Count 2: Failure to explain and ensure consistency with the RMP directive regarding road construction and stream crossings in Riparian Reserves.**

124.    Defendant-Intervenor realleges and incorporates all preceding paragraphs by reference.

125.    The allegations constitute Plaintiffs' characterization of the 2016 RMP, which speaks for itself and is the best evidence of its contents.   To the extent a response is required, Defendant-Intervenor denies.

126.    Defendant-Intervenor denies.

127.    Defendant-Intervenor denies

## SECOND CLAIM FOR RELIEF
### (NEPA and APA Compliance)

**Count 1: Failure to take a hard look at site-specific impacts.**

128.    Defendant-Intervenor realleges and incorporates all preceding paragraphs by

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

reference.

129.    The allegations purport to characterize and quote from the APA, NEPA, and NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

130.    The allegations constitute legal conclusions to which no response is required. The allegations also constitute Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.   To the extent a response is required, Defendant-Intervenor denies.

131.    The allegations constitute legal conclusions to which no response is required. The allegations also constitute Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.   To the extent a response is required, Defendant-Intervenor denies.

132.    The allegations constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenor denies.

133.    The allegations constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant-Intervenor denies.

134.    Defendant-Intervenor denies.

135.    Defendant-Intervenor denies.

136.    Defendant-Intervenor denies.

137.    Defendant-Intervenor denies.

**Count 3:** **Failure to Prepare an EIS.**

138.    Defendant-Intervenor realleges and incorporates all preceding paragraphs by reference.

Page  17  - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

HAGLUND KELLEY LLP
ATTORNEYS AT LAW
2177 SW BROADWAY
PORTLAND, OR 97201

139.     The allegations constitute legal conclusions to which no response is required. The allegations also purport to characterize and quote NEPA which speaks for itself and is the best evidence of its contents.   To the extent a response is required, Defendant-Intervenor denies.

140.     The allegations constitute legal conclusions to which no response is required. The allegations also constitute Plaintiffs' characterization of NEPA, which speaks for itself and is the best evidence of its contents.   To the extent a response is required, Defendant-Intervenor denies.

141.     Defendant-Intervenor denies.

142.     The allegations purport to characterize the Last Chance Project.   The documents associated with the Project speak for themselves and are the best evidence of their contents.   To the extent a response is required, Defendant-Intervenor denies.

143.     Defendant-Intervenor denies.

144.     Defendant-Intervenor denies.

145.     Defendant-Intervenor denies.

146.     Defendant-Intervenor denies.

147.     Defendant-Intervenor denies.

148.     Defendant-Intervenor denies.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.   To the extent a response is required, Defendant-Intervenor denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.   Defendant-Intervenor denies any allegations in the Complaint, whether express or implied, not specifically admitted, denied or qualified herein.

Page 18 - **ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY**

## AFFIRMATIVE DEFENSES

Defendant-Intervenor raises the following affirmative defenses:

1.      Plaintiffs have failed to state a claim upon which relief can be granted on some or all of the issues raised in the Complaint.

2.      Plaintiffs have failed to exhaust their administrative remedies with regard to one or more of their claims.

3.      Some or all Plaintiffs lack standing to pursue the requested relief raised in the Complaint.

WHEREFORE, Defendant-Intervenor prays that Plaintiffs' Complaint be dismissed with prejudice and that Defendant-Intervenor be awarded its costs and disbursements incurred herein.

DATED this 2nd day of July, 2025.

**HAGLUND KELLEY LLP**

By:____/s/ Julie A. Weis_____
    Michael E. Haglund, OSB No. 772030
    Julie A. Weis, OSB No. 974320
    Christopher T. Griffith, OSB No. 154664
    Attorneys for Defendant-Intervenor

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2025, I served the foregoing

**ANSWER OF DEFENDANT-INTERVENOR MURPHY COMPANY TO FIRST**

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**, with the

Clerk of the Court using the CM/ECF system, which will send notification of this filing to the

attorneys of record and all registered participants.


/s/ Julie A. Weis
Julie A. Weis

**CERTIFICATE OF SERVICE**